**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORNELIO CIPRIANO ALONZO-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73436 <br><br> Agency No. A205-056-114 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Cornelio Cipriano Alonzo-Lopez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") order of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Alonzo-Lopez contends that his hearing did not comport with due process because the IJ allegedly did not make clear to him that his representative was not an attorney. Contrary to this contention, the record shows that Alonzo-Lopez received a fundamentally fair hearing that allowed him to reasonably present his case, where the IJ sufficiently questioned Alonzo-Lopez regarding potentially applicable forms of relief from removal, Alonzo-Lopez expressly testified that he did not fear return to Guatemala, and he did not indicate any other basis for relief in response to the IJ's questions. *See id.* at 620-21 ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (internal citation and quotation marks omitted)).

To the extent petitioner raises a regulatory violation, a violation of his right to counsel, or a challenge to the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), this court lacks jurisdiction to consider these unexhausted contentions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

14-73436

We also lack jurisdiction to consider Alonzo-Lopez' contention that his case should be remanded for consideration of prosecutorial discretion. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**